IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael A. McKeown, ) | |
| ) | C/A No. 1:10-1441-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| County of Greenville, John C. Few, C. Denton Matthews, ) | |
| Skip Goldsmith, S.C. Department of Corrections, ) | |
| Jon E. Ozmint, and its Insurers, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from an error in his state court criminal sentence which was ultimately corrected after the grant of post conviction relief in state court. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, filed December 22, 2010.

Based on her review of the record, the Magistrate Judge concludes that the plaintiff's motion for preliminary injunction (Docket Entry # 26), motion for default judgment as to Defendant Goldsmith (Docket Entry # 35) , and motion to strike Defendant Matthews' Answer (Docket Entry # 45) should be denied and Defendants County of Greenville, Kernell and Matthews' Motion for Summary Judgment (Docket Entry # 49) and Defendants Ozmint and South Carolina Department of Corrections' Motion for Summary Judgment (Docket Entry # 66) should be granted.

The plaintiff filed objections to the Report on January 12, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The plaintiff has filed fourteen (14) pages of "objections". However, most of the content of the document does not constitute specific legal objections under this Court's procedural rules. The Court will address the issues that it is able to glean from the plaintiff's filing.

**Defendant Skip Goldsmith, Plaintiff's Defense counsel in underlying criminal case**. Plaintiff objects to the Magistrate's recommendation that his motion for default as to Defendant Goldsmith be denied. The "Declaration for Entry of Default" filed by the plaintiff refers to an affidavit of service of the complaint in this action on Defendant Goldsmith on June 8, 2010. (Entry #35). However, no affidavit of service has been filed, and this Court's docket contains many letters from the plaintiff to the Clerk of this Court (Entry #20, 27, 72, 73, 79, 91, 96) stating that he has not attained service on Defendant Goldsmith or Defendant John C. Few. Plaintiff discusses extensively in his objections his unsuccessful efforts to obtain service on Defendant Goldsmith. Therefore, it is apparent

from the record that Defendant Goldsmith has not been served, and the Court adopts the Recommendation by the Magistrate Judge that the plaintiff's motion for default judgment should be denied. Out of an abundance of caution and in an effort to give the plaintiff an adequate opportunity to serve the two remaining defendants, Goldsmith and Few, the Magistrate issued an order on December 22, 2010 (Entry #85) directing the Clerk to issue summonses to Defendants Few and Goldsmith for service by the United States Marshal. She further directed the plaintiff to furnish sufficient information to the Marshal to identify the defendants.

**Defendant C. Denton Matthews**, **Assistant Solicitor in underlying criminal case**. The plaintiff objects to the recommendation by the Magistrate that the plaintiff's Motion to Strike the Answer by Matthews be denied and to the recommendation that the Motion for Summary Judgment by Defendant Matthews be granted on the basis of prosecutorial immunity. Plaintiff appears to assert that the motion to strike should be granted, at least as to the defense of *res judicata*, because he contends that his previous lawsuit[1] arising from the same underlying criminal proceeding was dismissed without prejudice. However, the issue of the viability of the defense of *res judicata* would not be decided on a motion to strike.

With regard to prosecutorial immunity, Plaintiff asserts that Matthews was not acting in a prosecutorial function when "the court ordered the plaintiff vacated and remanded in May 22, 2008 and deliberately, and gross negligently abandoned him left in prison unconstitutionally until August 25, 2008 89 days past the vacate order." (Objections, p. 9). Contrary to the plaintiff's argument, absolute prosecutorial immunity covered Matthews throughout the process of the original guilty plea and sentencing and the vacating of the incorrect sentence. Under Imbler v. Pachtman, 424 U.S. 409, 430

---

[1] McKeown v. Ratigan, et al, Civil Action No. 1:09-655-JMC.

(1976) and its progeny, "activities . . . intimately associated with the judicial phase of the criminal process . . . were functions to which the reasons for absolute immunity to apply with full force." See also, Van De Kamp v. Goldstein, 129 S.Ct. 855 (2009). Therefore, the plaintiff's Motion to Strike the Answer by Matthews is denied and the Motion for Summary Judgment by Defendant Matthews is granted.

**Defendants County of Greenville and Kernell, County Administrator**. The Magistrate recommends a finding that Plaintiff has made no allegations against Kernell personally and that the County and Kernell cannot be held liable under *respondeat superior* theory or vicarious liability. Plaintiff submits in his objections that he is suing them personally; however, the Court has reviewed the paragraphs of the Complaint to which the plaintiff refers (¶ 8, 9, and 15)[2] and these paragraphs allege that the County and its agents acted pursuant to their official duty rather than in their individual capacities. Plaintiff also contends in his objections that Defendant Kernell and the County were deliberately indifferent to the errors made in his sentencing and are thus vicariously liable. Plaintiff is apparently referring to the potential liability of supervisory officials who are aware of a pervasive, unreasonable risk of harm and who fail to take corrective action due to deliberate indifference. (R&R, p. 11). Here, however, there is no showing of a pervasive risk of harm from a county official. The Court grants the Motion for Summary Judgment by the County and Kernell.

**Ozmint and SCDC**. Plaintiff asserts that Ozmint and SCDC are liable for failing to correct the term of imprisonment, citing Mention v. Department of Corrections, Order of South Carolina Supreme Court dated October 20, 1999, Exhibit to Entry #75-3). In Mention, the trial judge had imposed

---

[2] Plaintiff appears to refer to Paragraphs from his original Complaint. His Amended Complaint does not contain a Paragraph 15.

4

concurrent sentences for armed robbery, resisting arrest, and escape. The Department of Corrections changed the defendant's max-out date because a sentence for escape had to be served consecutively. The Supreme Court granted a writ of habeas corpus on the basis that "the Department of Corrections' authority to run the state's prison system does not give it the power to change a sentence imposed by a trial court." (Order, p. 3). Plaintiff contends that Mention shows that the SCDC does revise the terms of imprisonment on occasion and that it should have done so in this case. Plaintiff misconstrues Mention. The premise of the case was that the SCDC lacks the authority to modify a sentence. The defendants' motion for summary judgment as to Ozmint and SCDC is granted.

**Motion for Preliminary Injunction**. Plaintiff's Motion for Preliminary Injunction is denied for the reasons stated by the Magistrate Judge.

## CONCLUSION

The Court has reviewed the Report, pleadings, objections, and applicable law. The Court overrules all objections and adopts the Report and Recommendation. Plaintiff's Motion for a Preliminary Injunction [Entry #26], Motion for Default Judgment as to Goldsmith [Entry #35], and Motion to Strike Matthews' Answer to the Complaint [Entry #45] are denied. Defendants County of Greenville, Kernell and Matthews' Motions for Summary are granted.

The case is recommitted to the Magistrate Judge for further proceedings as to Defendants Few and Goldsmith, who have not been served. The Court notes that Federal Rule of Civil Procedure 4(m) provides a time limit for service of 120 days after the complaint is filed, unless good cause is shown to extend the deadline. This action was filed in state court on April 27, 2010 and removed to this Court on June 7, 2010. Even utilizing the date of removal rather than the date of filing in state court, without an extension of time the plaintiff would be way past the 120 day deadline for service. The plaintiff has

written the court stating that he has done everything he can do to accomplish service but that the United States Marshal Service has failed to effect service. The Magistrate Judge accordingly extended the deadline for service until sixty (60) days after December 22, 2010, or February 22, 2011.  See Docket Entry # 85.[3] No affidavit of service has been filed at this time. The case is re-committed to the Magistrate to address the issue of service of Defendants Goldsmith and Few and to examine whether the case as to those defendants should be dismissed without prejudice for failure to effect service.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 14, 2011
Florence, South Carolina

---

[3] The Magistrate Judge directed the Marshal to serve the Amended Complaint within 60 days of the order on Defendants Few and Goldsmith. The Order further states: "The United States Marshal Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. . . If the information provided by Plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified Defendant, the Marshal should so note in the 'Remarks' section at the bottom of the Form USM-285. . . Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285.  The United States Marshal cannot serve an inadequately identified defendant, and defendants that are not served may be dismissed as parties to this case."

6