IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Anthony McKeown, | ) | C/A No.: 1:10-1441-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| County of Greenville, Joseph Kernell, | ) | |
| John C. Few, C. Denton Matthews, Skip | ) | |
| Goldsmith, S.C. Department of | ) | |
| Corrections, Jon E. Ozmint, and its | ) | |
| Insurers, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, is currently incarcerated in the custody of the South Carolina Department of Corrections ("SCDC"). He alleges  violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983. Before the court are the following motions: (1) Plaintiff's motions to amend his complaint [Entry #114, #119]; (2) Plaintiff's motion for a pretrial conference [Entry #117]; and (3) Plaintiff's motions for copies [Entry #118, #127]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.      Plaintiff's motions to amend the complaint and motions for copies

Plaintiff's motions to amend his amended complaint seek the court to add paragraphs 15 and 16 to his amended complaint, which are missing in the originally-docketed Amended Complaint.  However, since Plaintiff filed his motions to amend, the Clerk of Court has filed a corrective entry indicating it inadvertently failed to scan the

page containing paragraphs 15 and 16 of Plaintiff's Amended Complaint when it was received. [Entry #133]. The Clerk's office also docketed the corrected version of the amended complaint. [Entry #132]. Therefore, Plaintiff's motions to amend the complaint [Entry #114, #119] are now moot.

In his motions for copies, Plaintiff requests that he be provided a copy of the amended complaint as originally docketed. However, contemporaneously with filing its corrective entry discussed above, the Clerk's office mailed Plaintiff a copy of both the original docket entry for the amended complaint and the corrected version. [Entry #134]. Therefore, Plaintiff's motions for copies [Entry #118, #127] are also now moot.[1]

II.    Plaintiff's motion for a pretrial conference

Plaintiff requests a pretrial conference to narrow this issues in the case. However, Plaintiff provides no specific examples of issues which could be simplified or narrowed through a pretrial conference, and instead simply supplemented his motion with a recitation of the allegations of the Amended Complaint. [Entry #126]. Because Plaintiff has provided no specific ways in which a pretrial conference would narrow the issues in this matter, his request for a pretrial conference [Entry #117] is denied.

---

[1] To the extent Plaintiff has submitted additional questions to the court in Entry #127, this court cannot provide Plaintiff with legal advice.

2

III.    Conclusion

For the foregoing reasons the following motions: Plaintiff's motions to amend his complaint  [Entry #114, #119] and motions for copies [Entry #118, #127] are moot and Plaintiff's motion for a pretrial conference [Entry #117] is denied.

IT IS SO ORDERED.

October 7, 2011                                          Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge