IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Anthony McKeown, | ) | C/A No.: 1:10-1441-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| County of Greenville, Joseph Kernell, John C. Few, C. Denton Matthews, Skip Goldsmith, S.C. Department of Corrections, Jon E. Ozmint, and its Insurers, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, is currently incarcerated in the custody of the South Carolina Department of Corrections ("SCDC"). He alleges violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983. Before the court are the following motions: (1) Defendant Few's Motion for Summary Judgment [Entry #122]; (2) Plaintiff's Motion for a Rehearing [Entry #137]; and (3) Plaintiff's Motion to Remand to State Court [Entry #140]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, the undersigned submits this Report and Recommendation for the district judge's consideration.

I.     Factual and Procedural Background

The matter arises out of Plaintiff's arrest and subsequent sentence for grand larceny and credit card fraud. Defendant Matthews was the solicitor representing the state at the sentencing hearing. Plaintiff was represented by Defendant Goldsmith and

eventually pled guilty to both crimes, admitting that he had stolen property from the home of an elderly woman and that he had separately purchased items with another person's credit card without that person's consent.

At the sentencing hearing on August 16, 2007 for both charges, the Honorable John Few, then a circuit judge, sentenced Plaintiff to four years in prison. Judge Few gave Plaintiff the four-year sentence for the credit card fraud crime based on the mistaken belief that the crime carried at least a four-year maximum. (*See* Sentencing Sheet at Entry #1-2 at 40). However, the credit card fraud charge carried a maximum sentence of only one year, not four. S.C. Code Ann. § 16-14-60(a) (1976). The other crime, grand larceny, carried a five-year maximum sentence, S.C. Code Ann. § 16-13-30(B)(1) (1976), but Judge Few gave Plaintiff a suspended sentence for that charge.

On or about December 26, 2007, Plaintiff filed a petition for post-conviction relief ("PCR") alleging he received ineffective assistance of counsel from Defendant Goldsmith and that he was improperly sentenced by Judge Few with respect to the fraud charge. On or about May 22, 2008, Judge Few signed an order vacating the sentence as it related to the fraud charge. On August 25, 2008, Plaintiff was re-sentenced on the fraud charge by Circuit Judge Edward W. Miller to time served and the Department of Corrections subsequently released him.[1] Plaintiff's PCR petition was later dismissed as moot.

---

[1] Approximately one month after his release, Plaintiff was arrested for a new crime. He remains in custody on that subsequent crime, but this action concerns his imprisonment for the fraud charges.

Plaintiff originally filed a case pursuant to 42 U.S.C. § 1983, claiming he was imprisoned approximately 11 months in excess of the maximum. He requested relief based on these facts in this court on March 18, 2009, designated as *McKeown v. Ratigan, et al.*, C/A No.: 1:09-655-JMC ("First Action"). The court granted summary judgment to defendants in the First Action on September 2, 2010. During the pendency of the First Action, Plaintiff filed the instant case pursuant to 42 U.S.C. § 1983 in state court on April 27, 2010, which was removed to this court on June 7, 2010 ("Second Action"). Although only defendants Matthews and Goldsmith are common to both cases, the underlying facts and claims are essentially the same.

On December 22, 2010, the undersigned issued a Report and Recommendation [Entry # 87] recommending that the motions for summary judgment by County of Greenville, Joseph Kernell, C. Denton Matthews, the S.C. Department of Corrections, and Jon E. Ozmint be granted. On the same day, the undersigned issued an order extending the deadline by 60 days for service on Few and Goldsmith and ordered the Marshal Service to effect service. [Entry # 85]. On February 14, 2011, the Honorable R. Bryan Harwell issued an order adopting the Report.[2] [Entry #97].

---

[2] In his order, Judge Harwell noted that paragraphs 15 and 16 were missing from Plaintiff's Amended Complaint, but referred to original complaint in relation to those paragraphs. On July 26, 2011, the Clerk's office filed a notice of corrective entry, indicating that it has inadvertently failed to scan the page containing paragraphs 15 and 16 of Plaintiff's Amended Complaint when it was received. [Entry #133]. A review of the corrected Amended Complaint indicates that paragraphs 15 and 16 are identical to the original complaint, save for the correction of Defendant Kernell's name. [Entry #97 at 4].

Both Judge Few and Goldsmith have now answered. Judge Few filed a motion for summary judgment on June 6, 2011. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Judge Few's motion. [Entry #123]. Plaintiff filed a response in opposition to Judge Few's motion [Entry #128] and the case is now ripe for adjudication.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

 B. Analysis

  1. Few's Motion for Summary Judgment

Judge Few argues that he is entitled to summary judgment in this action based on judicial immunity. The undersigned agrees.

The Fourth Circuit has previously addressed the doctrine of absolute immunity for judges as follows:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption . . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted

5

must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985 ) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Judge Few's decisions regarding Plaintiff's state civil cases were part of his judicial functions as a member of the State of South Carolina's judiciary. Plaintiff asserts no allegations against Judge Few involving activities that fall outside of his performance of judicial duties. Therefore, the undersigned recommends Judge Few be granted summary judgment.

          2.        Plaintiff's Motion for a Rehearing

In his motion for rehearing, Plaintiff requests that the court revisit its decision to grant summary judgment to Defendants Greenville County, Kernell, and Matthews because,

due to an inadvertent error by the Clerk of Court's office, paragraph 15 and 16 were not included in the Amended Complaint on the docket at that time. *See supra*, n. 2. Plaintiff's assertion that the court failed to consider the substance of these paragraphs is, however, incorrect. The court reviewed the allegations contained in paragraphs 15 and 16 in the original complaint, which were identical to the amended paragraphs, save for the correction of Defendant Kernell's first name. [Entry #97 at 4]. Accordingly, there is no basis for a rehearing.

Even if the court had not considered the substance of these paragraphs, a rehearing remains unnecessary because the facts alleged in the missing paragraphs do not create a question of fact on a material issue that would warrant setting aside summary judgment. With regard to Kernell, the allegations in paragraphs 15 and 16 only include more allegations that he should be held liable under a theory of respondeat superior for the actions of others, which argument the court addressed in full in its order granting summary judgment. Therefore, it is recommended that Plaintiff's motion for rehearing [Entry #137] be denied.

3.     Plaintiff's Motion to Remand

In his motion to remand, Plaintiff appears to concede Judge Few's summary judgment motion if the court will remand his remaining state-law claim against defendant Goldsmith back to state court. [Entry #140]. Because Plaintiff's concession regarding summary judgment was conditional, the undersigned has considered the motion for summary judgment on the merits and recommended it be granted, as discussed more fully

above.  However, as Plaintiff's only remaining claim is a state-law claims against Goldsmith, the undersigned recommends the district judge decline to exercise supplemental jurisdiction and grant Plaintiff's request for remand to the Greenville County Court of Common Pleas. [Entry #140].

III.     Conclusion

For the foregoing reasons, it is recommended that Defendant Few's Motion for Summary Judgment [Entry #122] and Plaintiff's Motion to Remand to State Court [Entry #140] be granted and Plaintiff's Motion for a Rehearing [Entry #137] be denied.

IT IS SO RECOMMENDED.

October 7, 2011                                           Shiva V. Hodges
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8